UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SANYANI EDWARDS,

        Defendant.

_____/

Case No. 11-20468

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL [1006]**

On September 6, 2013 Defendant filed a Motion for New Trial [1006] and the Government responded on September 25, 2013 [1021]. For the reasons stated below, this Motion is **DENIED.**

Defendant is seeking a new trial and argues that both the verdict was contrary to the manifest weight of the evidence under Rule 29(c)(2) and that there is newly discovered evidence that was unavailable to the Defendant at the time of trial under Rule 33.

Federal Rule of Criminal Procedure 29(c)(2) permits a court to set aside a verdict of guilty and to enter a judgment of acquittal. In doing so, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the

1

crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978)

(citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original); *see*

*also United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008). If any rational

trier of fact could find the essential elements of the crime beyond a reasonable

doubt, the motion must be denied. "All reasonable inferences must be drawn in

favor of the jury's verdict." *Conaster*, 514 F.3d at 518. When evaluating the

evidence in a Rule 29 motion, "the court must refrain from independently judging

the credibility of witnesses or weight of the evidence." *United States v.*

*Donaldson*, 52 F. App'x 700, 706 (6th Cir. 2002). "Circumstantial evidence may

sustain a conviction so long as the totality of the evidence was substantial enough

to establish guilty beyond a reasonable doubt." *Id.* (citing *United States v. Phibbs*,

999 F.2d 1053, 1064 (6th Cir. 1993)).

A defendant challenging the sufficiency of evidence under Rule 29 bears "a

very heavy burden." *United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000)

(internal quotation marks and citations omitted). A judgement may be reversed

based on insufficient evidence if, after viewing the record as a whole, the judgment

is not supported by substantial and competent evidence. *Id.* (citations omitted).

The evidence presented against Defendant at trial was overwhelming and the

manifest weight of the evidence weighs heavily in favor of the jury's guilty

verdict. The evidence culled from the intercepted phone calls illustrate this and provide compelling evidence of guilt for a reasonable trier of fact. For example, as the government details in their response, in a call between Babubhai Patel and Defendant Sanyani Edwards, when Patel noted that a physician had not shown up to the clinic to write prescriptions, Defendant replied that this was a fortunate occurrence because:

> when he's not there, I can put anything on the script that needs to be there...so it's more better when he's not there because I can make the script whatever it is it needs to be. Which means you're going to make more money. GX 1A, pp. 1-2.

Given that Defendant has no authority with which to write prescriptions, he is speaking about falsifying prescriptions. Additionally, Defendant, in another call to Patel, told him that he had "the deal of the century" for Patel since he had found "two psychiatric nurses that write their own scripts. They're going to do it of no charge to you...All you're going to have to do is keep paying Dr. Greenbain." GX 1D.

Further, cooperators in the conspiracy, including Dinish Patel and Gerald Funderburg, both testified that Defendant was actively involved in bribing Assisted Living Facility owners and was bringing the prescriptions from those facilities to the Patel Pharmacies. There is no credible argument that there is manifest evidence that the verdict was contract to the evidence presented at trial. Defendant argues

that the fact that six members of the conspiracy did not testify to his involvement and the fact that the two that did testify against him were a convicted felon and a "not very nice" person would convince a single member of the jury to not find Defendant guilty beyond a reasonable doubt. However, these arguments would not make a reasonable trier of the fact disregard the words coming directly from Defendant's mouth that detail his involvement in the crime that came from the phone calls.

Defendant also moves for a Motion for New Trial based on newly discovered evidence. Motions for New Trial based on newly discovered evidence are "disfavored and should be granted with caution." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991), *citing United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859, 108 S.Ct. 170, 98 L.Ed.2d 124 (1987). A successful Motion for New Trial based on newly discovered evidence must show:

> (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.

*United States v. Turner,* 995 F.2d 1357, 1364 (6th Cir.), *cert. denied,* 510 U.S. 904, 114 S.Ct. 282, 126 L.Ed.2d 232 (1993). It is well settled in the Sixth Circuit and a majority of other Circuits, evidence is not newly discovered if a Defendant was

aware of the evidence at trial, even if such evidence was unavailable to him during trial. *See, e.g., United States v. Glover*, 21 F.3d 133, 138-39 (6th Cir. 1994); *United States v. Jasin*, 280 F.3d 355, 362, 364 (3d Cir.2002) (holding that "evidence known but unavailable at trial does not constitute 'newly discovered' within the meaning of Rule 33"); see also, *United States v. Theodosopoulos*, 48 F.3d 1438, 1448-49 (7th Cir.1995) (same); United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir.1994) (same); United States v. Lockett, 919 F.2d 585, 591-92 (9th Cir.1990) (same).

Defendant argues that he found papers in his garage several weeks after trial that would cast doubt on the veracity of the testimony given by Dinesh Patel, a co-Defendant who testified to Defendant's involvement in the conspiracy. However, this document is not newly discovered evidence because the Defendant does not show that the evidence could not have been discovered before the verdict was given with due diligence. It is obvious that with due diligence, Defendant would have searched his own house for documents or evidence that would have helped his defense. The document may have been "newly available" but it is not "newly discovered." Additionally, Defendant states that this newly discovered evidence would show that Dinesh Patel was lying about not knowing Bruce McCullough which would in turn lead to proving Defendant had no knowledge of the

5

conspiracy. However, as discussed above, the evidence presented at trial against

Defendant was overwhelming and the Motion for New Trial does not illustrate

how this testimony by Dinesh Patel would change the jury's verdict. Accordingly,

**IT IS ORDERED** that the Motion for a New Trial [1006] is **DENIED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 26, 2016          Senior United States District Judge